

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.                                                          22-CR-59-LJV

BENJAMIN BOLTON,

             Defendant.

---

## PLEA AGREEMENT

The defendant, BENJAMIN BOLTON, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1.     The defendant agrees to plead guilty to Count One of the Indictment which charges a violation of Title 18, United States Code, Section 875(c) (making a threat by interstate communication), for which the maximum possible sentence is a term of 5 years imprisonment, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of up to 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant understands that, if it is determined that he has violated any of the terms and conditions of his term of supervised release, he may be required to serve in

prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release.

## II. ELEMENTS AND FACTUAL BASIS

3.  The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. First, the defendant knowingly sent a communication in interstate or foreign commerce;

   b. Second, the communication contained a true threat to injure the person of another; and

   c. Third, the defendant transmitted the communication for the purpose of issuing a threat, or with knowledge that the communication would be viewed as a threat.

### FACTUAL BASIS

4.  The defendant and the government agree to the following facts which form the basis for the defendant's guilty plea including relevant conduct:

   a. Between March and April 8, 2022, the defendant, BENJAMIN BOLTON, interacted with members of the Amherst Police Department in the Western District of New York. More specifically, the defendant was questioned by members of the Amherst Police Department on March 18, 2022 in the area of 3020 Sweet Home Road and the Nature View parking lot in Amherst, and the defendant was in possession of a BB gun rifle.

   b. On April 8, 2022, the defendant was arrested by members of the Amherst Police Department after an incident in the vicinity of the Starbucks at 960 Transit Road in Amherst. A member of the public called 911 to report that while in the drive-thru at the Starbucks, the driver of a Toyota Corolla, New York license plate KVA 2152 had pointed what appeared to be a handgun out of the window and at the victim. Shortly after this incident, Amherst Police Department officers located the Toyota Corolla with New York license plate KVA 2152 being driven by the defendant. The defendant told officers that he had

2

   a BB gun inside the glove box, and Amherst Police officers recovered a black BB gun that appears to be a handgun from the glove box. The defendant was charged with the New York crimes of menacing in the second degree and criminal possession of a weapon in the third degree.

c. On April 8, 2022, the defendant posted to his Twitter account "@BenjaminJBolton" by using the internet. That post contained an image of an individual with the words "YOU ARE SO DUMB". Above the image, the defendant's post read "The Amherst Police Department just used one of their cop lovin' buddies to call 911 and make up a reason to pull me over."

d. On or about April 10, 2022, the defendant posted a threatening message to his Instagram account "benresearcher" by using the internet. Across the top of the defendant's post, the message reads "Psychopath Statement of the Day." The background of the post contains the logo/shoulder patch of the Amherst Police Department alongside a picture of the defendant. The post then reads, "Fictionally speaking, it's time to kill a bunch of Amherst cops in front of their families." On that same date, April 10, 2022, the defendant posted a similar message to his Twitter account "@BenjaminJBolton" by using the internet. That message read "Fictionally speaking, I'm going to kill a bunch of Amherst cops in front of their families."

e. The defendant posted the above-identified communications intending to make a threat and with knowledge that the communications would be viewed as threats.

f. All of these posts were made by the defendant by using the internet in the Western District of New York to access Twitter and Instagram, which are headquartered in the state of California, and any messages posted to Twitter and Instagram user accounts would travel through those companies' servers in California before being visible on the internet.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

3

## BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2A6.1(a)(1) applies to the offense of conviction and provides for a base offense level of 12.

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

7. The government and the defendant agree that the following adjustment to the base offense level of Count 1:

   a. the six-level increase under Guidelines § 3A1.2(b) (victim was a government officer or employee, the offense was motivated by such status, and the applicable Chapter Two guideline is from Chapter Two, Part A.).

## ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, it is the understanding of the government and the defendant that the defendant's adjusted offense level is 18.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines §3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines §3E1.1(b), which would result in a total offense level of 15.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is IV. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the

defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that with a total offense level of 15 and criminal history category of IV, the defendant's sentencing range would be a term of imprisonment of **30 to 37 months, a fine of $7,500 to $75,000, and a period of supervised release of 1 to 3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

12. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence **impose a term of imprisonment between 30 and 37 months** as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. If, after reviewing the presentence report, the Court rejects this agreement, the government may move to vacate the plea agreement. If the government moves to vacate the agreement, the defendant's plea shall be deemed withdrawn. This agreement does not affect the amount of a fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

13. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14. The defendant understands that, except as set forth in ¶ 12, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

15. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

16. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period

of six months following the date upon which the withdrawal of the guilty plea or the vacating of the conviction becomes final.

## V. REMOVAL

17. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

18. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement, including the amount of a fine and/or restitution and the method of payment; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19. At sentencing, the government will move to dismiss Counts 2 and 3 of the Indictment.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

21. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11 above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

24. This plea agreement represents the total agreement between the defendant, BENJAMIN BOLTON, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

By: _____
SEAN C. ELDRIDGE
Assistant U.S. Attorney

Dated: August 30, 2022

I have read this agreement, which consists of pages 1 through 9. I have had a full opportunity to discuss this agreement with my attorney, Judith Kubiniec, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
BENJAMIN BOLTON
Defendant

Dated: August 30, 2022

_____
JUDITH KUBINIEC, ESQ.
Attorney for the Defendant

Dated: August 30, 2022

9