IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  22-CR-59-LJV

BENJAMIN BOLTON,

        Defendant.

# AMENDED STATEMENT OF THE GOVERNMENT
# WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE** that the government hereby adopts the findings of the Revised Presentence Report dated December 20, 2022 (ECF No. 28) with respect to sentencing factors in this action.

I.     General Sentencing Matters

Should the Defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three (3) business days prior to sentencing.

The Defendant is required by 18 U.S.C. § 3013 to pay the sum of $100.00 at the time of sentencing. Immediately after sentencing, the Defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the Defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event that Defendant has counsel who will represent him after sentencing in regard to the collection of any unpaid financial obligations, it is requested that a letter so advising be sent to:

> Asset Forfeiture/Financial Litigation Unit
> U.S. Attorney's Office WDNY
> 138 Delaware Avenue
> Buffalo, New York 14202

If a letter is not received within ten (10) days of sentencing, the Defendant will be directly contacted regarding collection of the financial obligations.

II.  <u>The Appropriate Sentence</u>

It is well settled that calculating the advisory sentencing guidelines is but the first step in determining a defendant's ultimate sentence, after which the Court must consider the Section 3553(a) factors.  *United States v. Dorvee*, 616 F.3d 174, 180 (2d Cir. 2010) quoting *United States v. Gall*, 552 U.S. 38, 49-50 (2007); *see also United States v. Aumais*, 656 F.3d 147 (2d Cir. 2011).  Under this approach, the Court must consider the advisory sentencing guidelines, but ultimately base the appropriate sentence on an "individualized assessment" of the Section 3553(a) factors.  *Aumais*, 656 F.3d at 157.

With an adjusted offense level of 15 and with a criminal history category of IV (as calculated in the plea agreement) the advisory guidelines range would be 30 to 37 months.  The parties' Rule 11(c)(1)(C) agreement calls for a sentence within the range, and after considering the Section 3553(a) factors as individually applied to this Defendant, the Court should impose a sentence of 37 months based on this Defendant's history and characteristics, the needs for both specific and general deterrence, and the need to protect the community from future crimes of the defendant.

At age 38, the Defendant is relatively young – but also has a troubling criminal history that involves multiple incidents of harassing and threatening others. The Court is very familiar with this history, having presided over the defendant's 2016 conviction for the same crime he stands convicted of in this case – making interstate threats. The details of that case are thoroughly detailed in ¶ 47 of the PSR and describe the defendant's numerous threats to assault or injure others coupled with his lack of respect for the law and/or law enforcement. After pleading guilty to 10 counts of violating 18 U.S.C. § 875(c) in that matter, the defendant was sentenced on December 19, 2016 by this Court to 30 months imprisonment to be followed by 3 years of supervised release. *Id.* After violating his supervised release conditions, the defendant's release was revoked and he was sentenced to 12 months imprisonment on September 11, 2019. *Id.*

Prior to his 2016 federal conviction, the defendant had already been convicted for crimes involving, or stemming from, making threatening statements to others. In 2004, he called an individual threatening to kill that person and their family. PSR ¶ 35. During a 2007 altercation, he grabbed a knife and said "call the police, I'll kill them all." PSR ¶ 41. In addition to these incidents, the defendant enumerated many other convictions, and has had difficulty complying with conditions of probation and/or supervised release. *See, e.g.*, PSR PSR ¶ 45, 47.

Subsequent to his 2016 federal conviction, the defendant pleaded nolo contendere in Los Angeles Superior Court on August 24, 2021 to making annoying telephone calls. PSR ¶ 49. There, the defendant called 911 and threatened to shoot police officers in the head. The defendant was sentenced to 34 days in jail and placed on probation for one year. *Id.*

Yet while he was on probation from the Los Angeles matter, the defendant committed

the present offense. Yet again, he threatened members of law enforcement (after having encounters with members of law enforcement in the days and weeks preceding the threats) by posting messages that he was going to "kill a bunch of Amherst cops in front of their families" and that it was time for the Amherst Police building "to be blown up with all the cops and judges inside." PSR ¶¶ 1, 14.

The incident behind this federal prosecution is quite concerning. Despite having prior convictions for making threatening statements, and despite being on probation for making a threatening statement, the defendant again threatened to harm members of the Amherst Police Department. This conduct is unacceptable by anyone in a civilized society. But the conduct here is more serious and reprehensible because it was committed against individuals who devote their lives to serving and protecting the community – and because it was committed by someone who has repeatedly made threatening statements and despite prior sentences, continues to disregard the law and continues to make these illegal threats. Such conduct cannot be tolerated.

Through his actions, the defendant has demonstrated that he has continued to violate the law, even while on probation, and after serving sentences for similar conduct. This Court's sentence must deter this Defendant from committing this or a similar crime again; must deter members of the public from making illegal threats; must account for the seriousness of the offense, especially where this Defendant's prior convictions sentences have not deterred him; and must protect the community from such further conduct. As such, and after consideration of the Section 3553(a) factors, this Court should impose a sentence of 37 months, the high end of the parties' Rule 11(c)(1)(C) agreement.

CONCLUSION

For the reasons stated, and in evaluating the Section 3553(a) factors to determine the sentence that is sufficient, but not greater than necessary to comply with those factors, the Court should impose a sentence of 37 months imprisonment.

DATED: Rochester, New York, January 3, 2023.

                TRINI E. ROSS
                United States Attorney

BY:   S/Sean C. Eldridge
       SEAN C. ELDRIDGE
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       100 State Street, Suite 500
       Rochester, New York 14614
       585-399-3953
       Sean.Eldridge@usdoj.gov